539 P.2d 246

**LEONARD CONSTRUCTION COMPANY and the Bunker Hill Company, Plaintiff-Respondents,**

v.

**STATE of Idaho ex rel. the STATE TAX COMMISSION et al., Defendant-Appellants.**

**No. 11671.**

Supreme Court of Idaho.

Aug. 7, 1975.

Rehearing Denied Sept. 4, 1975.

894

Wayne L. Kidwell, Atty. Gen., Theodore
V. Spangler, Jr., Asst. Atty. Gen., Boise,
for defendant-appellants.

Wm. F. Boyd and Robert E. Brown of
Brown, Peacock, Keane & Boyd, Kellogg,
for plaintiff-respondents.

SHEPARD, Justice.

This is an appeal from a summary judg-
ment of the district court adverse to the
State Tax Commission holding the re-
spondents Bunker Hill Company and Leon-
ard Construction Company not liable for a
use tax for the years 1969 to 1971. The
State Tax Commission had determined
Leonard liable for the use tax and issued a
notice of deficiency determination includ-
ing interest and penalty of $53,228.28.
Bunker Hill and Leonard appealed that de-
termination of the Commission to the dis-
trict court pursuant to I.C. § 63–3049 and
the district court reversed the determina-
tion of the Tax Commission. The sole is-
sue presented here is the interpretation of
statutes [no longer in existence] during
the time period in which the liability for
tax is asserted. We reverse.

On July 8, 1969 the respondents Bunker Hill Company and Leonard Construction Company entered into a contract whereby Leonard was to construct a sulphuric acid plant for Bunker Hill in Kellogg, Idaho for an original agreed upon price of $2,470,000. Construction thereon began in the fourth quarter of 1969 and ended in the second quarter of 1971. No use tax was paid by either company on the materials and equipment used by Leonard in erecting that portion of the plant which was directly related to the sulphuric acid production process. It is that asserted tax which is the subject of this dispute. Although Bunker Hill was not named in the deficiency determination, it was joined as a party in this action because under the terms of its contract with Leonard, Bunker Hill has the ultimate responsibility for the payment of any taxes found due.

It is undisputed that Bunker Hill would have been exempt from the payment of use taxes. The essence of the dispute before us is whether Leonard enjoys such exemption. Leonard also argues that the deficiency judgment is barred by the statute of limitations. The answer to the questions posed herein depends upon our interpretation of the statutory law as it existed between 1969 and 1971.

The use tax was originally enacted in Idaho in 1965. I.C. § 63–3621 provides in pertinent part:

"63-3621. *Imposition and rate of the use tax.*—An excise tax is hereby imposed on the storage, use, or other consumption in this state of tangible personal property acquired on or after July 1, 1965, for storage, use, or other consumption in this state at the rate of three per centum (3%) of the value of the property, and a recent sales price shall be presumptive evidence of the value of the property.

"(a) Every person storing, using, or otherwise consuming, in this state, tangible personal property is liable for the tax."

At the time of the original enactment a number of exemptions to the use tax were listed, including one covering "tangible personal property primarily and directly used or consumed in or during * * * [a] manufacturing, processing, mining, farming or fabricating operation * * *" I.C. § 63–3622(d).

■ The term "use" was originally defined to include "the exercise of any right or power over tangible personal property *incident to the ownership* of that property, except that it does not include the sale of that property in the regular course of business." (Emphasis supplied) S.L.1965, ch. 195, § 15(b). Since Leonard the contractor was not exercising power *incident to the ownership of the property* it is conceded by all that under the original Act, Leonard would *not* have been liable for any use tax. In 1967, however, the definition of "use" was broadened to include "the exercise of any right or power over tangible personal property by any person *in the performance of a contract*, * * * whether the title of such property be in the subcontractor, contractor, contractee, subcontractee, or any other person, or whether the titleholder of such property would be subject to the sales or use tax * * *" (Emphasis supplied) S.L.1967, ch. 290 § 5. It is clear that the immediately foregoing quoted amendment of 1967 intended to cover uses such as that made by Leonard since Leonard exercised control over the property in performing its contract with Bunker Hill.

It is argued, however, that Leonard comes within an exemption set forth in I. C. § 63–3622(d) as it existed prior to 1967. That exemption statute was also amended in 1967, S.L.1967, ch. 290, § 7, to includue the language "by a business or segment of a business which is primarily devoted to such operation or operations * * *" The trial court in the instant case found that 1967 amendment to the exemptions statute to be unconstitutional and invalid

because of deficiencies in the title of the Act. We need express no opinion as to that holding of the trial court since the validity or invalidity of that Act plays no part in our rationale or our ultimate decision holding Leonard not entitled to the exemption.

■ It has been oft stated that tax exemptions existing only by legislative grace are to be strictly construed against the party claiming the exemption. *Kwik Vend Inc. v. Koontz,* 94 Idaho 166, 483 P.2d 928 (1971); *Upper Columbia Mission Society v. Kootenai County,* 93 Idaho 880, 477 P.2d 503 (1970).

■ It is clear that the 1967 amendment, S.L.1967, ch. 290 § 5, expanding the definition of "use" expressly contemplated the circumstances involving the use of property in the performance of a contract in circumstances where the ultimate titleholder of the property would or would not be subject to a use tax. Leonard clearly falls within the scope of such statutory intent. We need not construe the language of the production exemption to determine whether or not Bunker Hill could or can claim the exemption since the instant action results from a deficiency determination assessed against Leonard. Since the clear statutory intent was to validate the imposition of a use tax against the contractor in circumstances such as presented in the case at bar and wherein no equally clear exemption was intended we must hold in favor of the Tax Commission.

■ Additional support for our holding is found in a 1971 amendment to I.C. § 63–3615(b) defining "use." In that year the statute was amended, S.L.1971, ch. 55, § 1, adding language "unless such property would be exempt to the title holder under section 63–3622(d), Idaho Code * * *." Following that amendment it is clear that Leonard would not have been subject to the use tax because the property would have been exempt to the titleholder, Bunker Hill, under I.C. § 63–3622(d). When the legislature amends a statute it is pre-

sumed to have been intended that the statute have a different meaning than it had prior to the amendment. *DeRousse v. Higginson,* 95 Idaho 173, 505 P.2d 321 (1973); *Wellard v. Marcum,* 82 Idaho 232, 351 P.2d 482 (1960). That rule of statutory construction indicates not only the intention of the new law but also that of the old. *Futura Corporation v. State Tax Commission,* 92 Idaho 288, 442 P.2d 174 (1968). The 1971 amendment to the statute defining "use" expressly excluded a contractor's use of property when such use would have been exempt to a titleholder. We therefore must presume that before that amendment "use" was intended to include the contractor's holding of property although such was exempt to the titleholder. Additionally, the title of the 1971 amending act

*"An Act*

*"Amending the Idaho Sales Tax Act by Amending Section 63–3615, Idaho Code, to Redefine 'Use' to Exclude the use of Property in the Performance of a Contract, Where the Title Holder of Such Property Would be Entitled to an Exemption Under the Provisions of Subsection (d) of Section 63–3622, Idaho Code."* (Emphasis supplied) S.L.1971, ch. 55.

is in accord with our decision.

The two documents cited by respondents in support of their argument are unpersuasive here since one was issued prior to the 1967 change in the law and the other in 1972 following the 1971 statutory amendment. Therefore in our opinion neither shed any light on the state of the law or the legislative intent between 1967 and 1971. In view of the unique statutory history involved here those cases cited by the respondent from other states in support of their position are unpersuasive.

■ It is argued that it is illogical and unreasonable to exempt the titleholder here (Bunker Hill) but withhold the same exemption from the contractor (Leonard). Such a distinction is not new, novel, or in-

valid. *See United States v. Boyd*, 378 U.S. 39, 84 S.Ct. 1518, 12 L.Ed.2d 713 (1964).

 Respondents finally argue that even if the exemption was not available to Leonard, at least a part of the asserted deficiency is barred by the three year statute of limitations. I.C. § 63–3633 provides in pertinent part:

> "The amount of taxes imposed by this act shall be assessed within three (3) years of the time the return upon which the tax asserted to be due was or should have been filed, *whichever is the later* * * *"

(Emphasis supplied)

It is argued that all property used by Leonard on the construction project prior to July 17, 1970 cannot be taxed since the deficiency determination was first made on July 17, 1973. The Commission argues that since the trial court made no ruling on this matter it is not properly before this court. We disagree. I.C. § 1–205, *Messmer v. Ker*, 96 Idaho 75, 524 P.2d 536 (1974).

■ The trial court found as a matter of fact that neither company here had filed a return as to the property in question. That finding is amply supported by the record. Neither respondent disputes that finding of fact and they impliedly concede it. The statute is clear that the time does not begin to run until the return is made or should have been made, *whichever is the later*. The statutory language may be thought to be illogical and absurd since absent the filing of a return the statutory time would never run. Nevertheless the statutory language is clear and unambiguous and we must give effect to it. *Swensen v. Buildings, Inc.*, 93 Idaho 466, 463 P. 2d 932 (1970).

The granting of summary judgment is reversed and the cause remanded for further proceedings consistent herewith. Costs to appellant.

McQUADE, C. J., and McFADDEN and BAKES, JJ., concur.

DONALDSON, Justice (concurring in part and dissenting in part).

I concur in all of the majority opinion except that portion which holds that no part of the deficiency is barred by the three year Statute of Limitations. I agree with the majority opinion that the statutory language of I.C. § 63–3633 is illogical and absurd. It should be remembered that in construing Statute of Limitations, the statute should be construed in favor of the taxpayer. *State v. State Board of Equalization*, 319 P.2d 221 (Mont.1957). From the record, it appears that the appellant was advised of the position of the respondents as early as January 21, 1970, that they owed no use tax. The matter should be remanded to the district court for its determination as to when the appellant had knowledge of respondents' position and what portion of the deficiency is barred by the Statute of Limitations.