604 P.2d 719

**Joe E. RICHARDSON, Individually and as a partner, and Dale J. Richardson, Individually and as a partner in the partnership of the Riverside Lumber Company, Plaintiffs-Respondents and Cross-Appellants,**

**v.**

**STATE TAX COMMISSION, State of Idaho, Defendant-Appellant and Cross-Respondent.**

No. 12736.

Supreme Court of Idaho.

Dec. 14, 1979.

David H. Leroy, Atty. Gen., David G. High, Deputy Atty. Gen., Boise, for defendant-appellant and cross-respondent.

S. David Swayne, Moscow, for plaintiffs-respondents and cross-appellants.

William J. Brauner, Caldwell, amicus curiae.

BAKES, Justice.

We are called upon to determine in this appeal whether certain equipment used in a lumber mill operation owned by plaintiff respondents Richardsons is exempt from the state sales tax under the sales tax manufacturing and processing exemption contained in I.C. § 63–3622(d).[1] Both the de-

---

1. "63–3622. EXEMPTIONS.—There are exempted from the taxes imposed by this act the following:

. . . . .

"(d) Receipts from the sale, storage, use or other consumption in this state of tangible personal property which will enter into and become an ingredient or component part of tangible personal property manufactured, processed, mined, produced or fabricated for ultimate sale at retail within or without this state, and *tangible personal property primarily and directly used or consumed in or during such manufacturing, processing, mining, farming, or fabricating operations* by a business or segment of a business which is primarily devoted to such operation or operations, *provided, that the use or consumption of such tangible personal property is necessary or essential to the performance of such operation.* Chemicals, catalysts, and other materials which are used for the purpose of producing or inducing a chemical or physical change or for removing impurities or otherwise placing a product in a more marketable condition are included within this exemption, as are other articles of tangible personal property used in the actual manufacturing, processing, mining, farming or fabricating operations. *This exemption does not include machinery, equipment, materials and supplies*

fendant appellant State Tax Commission and plaintiff respondents and cross appellants Richardsons appeal from the district court's application of the sales tax exemption to the equipment in question.

Joe and Dale Richardson, dba Riverside Lumber Co. (taxpayer), operate a lumber mill on leased Indian lands near Orofino, Idaho. To meet air quality emission standards imposed in the early 1970's, the taxpayer ceased burning waste wood generated in the milling process and installed equipment enabling the mill to sell its waste wood in chip form to Potlatch Forest Industries in Lewiston, Idaho, for use in papermaking. The equipment installed included the following:

(1) Debarker: used to strip bark from logs to be milled so that wood chips made from mill waste would be free from bark.

(2) Surge bin: installed between the equipment which chips the waste wood and a sizing screen which screens from the chips wood particles too fine to be used in papermaking. The surge bin maintains an even flow of chips to the screen.

(3) Rader pneumatic conveyor: a forced air conveyor system, functionally equivalent to a conventional belt conveyor, which moves screened chips from the sizing screen to the chip bin.

(4) Chip bin: stores the wood chips until enough are collected to be loaded into semi-trailers and hauled away.

(5) Sprinkler system: installed for fire protection in the mill.

In 1975 the sales tax section of the State Tax Commission audited the taxpayer and issued a deficiency notice proposing $1,971.26 plus a penalty and interest in additional sales taxes due. Upon the taxpayer's protest, the State Tax Commission conducted a hearing and found for the taxpayer in part and upheld the deficiency determination in part. The taxpayer then sought review of the State Tax Commission redetermination in district court. Following a court trial the district court held that materials used in constructing the base and roof of the debarker were improvements to real property and therefore not exempt from the sales tax; that materials used in the roof of the surge bin were improvements to realty and therefore not exempt; and that the pneumatic blower, the chip bin, and the sprinkler system were necessary and essential to the taxpayer's manufacturing process, were directly used in that process, and are within the sales tax exemption provided by I.C. § 63–3622(d).

The State Tax Commission appeals from the district court's determination that the pneumatic blower, the chip bin, and the sprinkler system are directly used or consumed in or during the taxpayer's processing or manufacturing operation and are, therefore, exempt from the state sales tax under the provisions of I.C. § 63–3622(d). The taxpayer brings a cross appeal from the trial court's rulings that I.C. § 63–1223 [2] and I.C. § 63–105T [3] do not apply to a sales

---

*used in a manner that is incidental to the manufacturing, processing, mining, farming or fabricating operations such as maintenance and janitorial equipment and supplies, and hand tools with a unit purchase price not in excess of one hundred dollars ($100); nor does it include tangible personal property used in any activities other than the actual manufacturing. processing, mining, farming or fabricating operations such as office equipment and supplies, equipment and supplies used in selling or distributing activities, in research, or in transportation activities; nor shall this exemption include motor vehicles required to be licensed by the laws of this state, without regard to the use to which such motor vehicles are put; nor shall this exemption include tangible personal property used or consumed in processing, producing*

or fabricating tangible personal property exempted from this act by subsections (h), (k), (l) and (p) of this section." (Emphasis added.)

**2.** "63–1223. IMPROVEMENTS ON PUBLIC LANDS.—All improvements on government, Indian or state land and all improvements on all railroad rights of way owned separately from the ownership of the rights of way upon which the same stands or in which nonexempt persons have possessory interests shall be assessed as personal property and entered upon the personal property assessment roll."

**3.** "63–105T. PROPERTY EXEMPT FROM TAXATION—FACILITIES FOR WATER OR AIR POLLUTION CONTROL.—The following property is exempt from taxation: Facilities,

tax determination. The taxpayer contends that had the district court properly applied I.C. § 63–1223 and I.C. § 63–105T to this case, all of the equipment in question would have been found to be exempt from the state sales tax.

■ I.C. § 63–3622(d) [4] exempts from the state sales tax tangible personal property which is primarily and directly used or consumed in or during a manufacturing or processing operation. In order to qualify for this "production exemption" from the state sales tax, the property in question must be tangible personal property, primarily and directly used or consumed in a processing operation, necessary or essential to the process, used by a business in its manufacturing or processing operation, and not used in a manner merely incidental to the manufacturing or processing operation. The State Tax Commission contends that the sprinkler system, pneumatic conveyor system, and chip bin, which the trial court found to fall within the sales tax exemption, are not equipment directly used or consumed in or during the taxpayer's manufacturing or processing operation within the meaning of I.C. § 63–3622(d). The state argues that while these items may well be necessary to the taxpayer's sawmill operation, they are equipment which is merely auxiliary to the actual production or processing operation. It is the state's contention that because the pneumatic blower, the chip bin, and the sprinkler system in no way effect a physical change in the composition of the lumber or the wood chips, they are not directly used in the operation.

■ Statutory tax exemptions exist only by legislative grace and should be strictly construed against the taxpayer, *Leonard Construction Co. v. State ex rel. State Tax Comm'n*, 96 Idaho 893, 539 P.2d 246 (1975); *Kwik Vend, Inc. v. Koontz*, 94 Idaho 166, 483 P.2d 928 (1971). However, we cannot agree with the State Tax Commission's contention that the sales tax exemption contained in I.C. § 63–3622(d) must be strictly limited to equipment which effects a physical change in the form of the product being manufactured. Our statute exempts from the sales tax equipment which is "primarily and directly used or consumed in or during . . . manufacturing, processing, mining, farming, or fabricating operations by a business or segment of a business . . . ." It is our opinion that the sales tax exemption in I.C. § 63–3622(d) should receive a practical construction and not be construed to divide a manufacturing operation which in fact is a continuous and integrated production process into theoretically distinct segments. To limit this exemption to equipment which actually causes some physical change in the manufactured product is a restriction not warranted by the language of the statute. *Cf. General Mills, Inc. v. Commissioner of Taxation*, 294 Minn. 175, 199 N.W.2d 636 (Minn.1972) (the word "manufacture" in sales tax exemption statute is not restricted to the limited function of turning out the finished article but contemplates a whole process of a much broader scope, including

installations, machinery or equipment, attached or unattached to real property, and designed, installed and utilized in the elimination, control or prevention of water or air pollution, or, in event such facilities, installations, equipment or machinery shall also serve other beneficial purposes and uses, such portion of the assessed valuation thereof as may reasonably be calculated to be necessary for and devoted to elimination, control or prevention of water or air pollution. The state tax commission or county assessor shall determine such exempt portion, and shall not include as exempt any portion of any facilities which have value as the specific source of marketable byproducts.

"If any water corporation, as defined by section 61–125, Idaho Code, regulated by the Ida-

ho public utilities commission is or has been ordered by the state board of health or the Idaho public utilities commission to install equipment designed and utilized in the elimination, control or prevention of water pollution, the Idaho public utilities commission shall notify the Idaho state tax commission of the percentage such property bears to the total invested plant of the company and said portion shall be exempt from ad valorem taxation. Said percentage reported to the Idaho state tax commission by the Idaho public utilities commission may be contested by any person or party at a public hearing held before the Idaho state tax commission."

4. See note 1, *supra*.

development, quality control, and product testing).

A sales tax exemption similar to that in the Idaho statute was interpreted by the New York courts to exempt coal and ash handling equipment utilized in an electric power generating plant despite the taxing authority's contention that the equipment was merely auxiliary to the taxpayer's principal manufacturing operation, production of electricity. The court held that the degree of synchronization and integration of the coal and ash handling equipment with the actual power generating process compelled a finding that the equipment fell within the production exemption to the sales tax. *Niagara Mohawk Power Corp. v. Wanamaker*, 286 App.Div. 446, 144 N.Y.S.2d 458 (1955), *aff'd*, 2 N.Y.2d 764, 157 N.Y.S.2d 972, 139 N.E.2d 150 (1956). *See also Rowe Contracting Co. v. State Tax Commission*, 361 Mass. 158, 279 N.E.2d 675 (1972); and *Courier Citizen Co. v. Commissioner of Corporations & Taxation*, 358 Mass. 563, 266 N.E.2d 284 (1971).

■ We conclude that the pneumatic blower and the chip bin are items of equipment which are necessary and essential to the taxpayer's manufacturing process and are directly used in that process. As a result, these items fall within the sales tax exemption provided by I.C. § 63–3622(d). These two pieces of equipment are used by the taxpayer in removing waste wood from the sawmill. The trial testimony indicates that approximately 300 cubic yards of waste wood are generated each day by the milling operation and that without proper equipment to remove this waste from the mill the taxpayer's operation would soon have to cease. The pneumatic blower and chip bin were part of equipment installed by the taxpayer to enable the mill to sell as wood chips the waste wood which, prior to enactment of state and federal air quality controls, was disposed of by burning. It is our opinion that the chip handling equipment is an integral part of the taxpayer's lumber manufacturing process and falls within the sales tax exemption contained in I.C. § 63–3622(d). *Cf., e. g., Minnaert v.*

*Michigan Dept. of Revenue*, 366 Mich. 117, 113 N.W.2d 868 (1962) (earthmoving equipment used to build tailing ponds into which tailings from a copper smelting operation were released and a decantate extracted and reused in the manufacturing process was equipment acquired for use and consumption in industrial processing).

■ We are, however, unable to agree with the trial court's conclusion that the sprinkler system installed by the taxpayer in his lumber mill was equipment directly used in the milling operation. The sprinkler system itself is a type of standby safety equipment which we believe is properly characterized as being incidental to the manufacturing process and therefore not within the sales tax exemption provided in I.C. § 63–3622(d). That section provides in part that:

"This exemption does not include machinery, equipment, materials and supplies used in a manner that is incidental to the manufacturing, processing, mining, farming or fabricating operations such as maintenance and janitorial equipment and supplies, . . . ."

It is our conclusion that although the sprinkler system may be necessary and essential to the continued operation of the taxpayer's business, it is not integrated with or directly related to the sawmill operation. *See, e. g., Consolidation Coal Co., Hannah Coal Co. Division v. Kosydar*, 42 Ohio St.2d 189, 326 N.E.2d 864 (1975) (standby mine safety equipment held not directly used or consumed in the production of property for sale); *Indiana Dept. of State Revenue, Sales Tax Division v. R. C. A. Corp.*, 160 Ind.App. 55, 310 N.E.2d 96 (1974) (air conditioning equipment used to rigidly control the quality of the air in a color television picture tube plant held not to be directly used in the production of the tubes, although the equipment was an essential part of the process).

■ The Richardsons argue on cross appeal that the trial court erred in refusing to apply I.C. § 63–1223 and I.C. § 63–105T to the sales tax exemption controversy. I.C.

§ 63–1223 [5] provides that certain improvements on government, Indian or state land shall be assessed as personal property for ad valorem tax collection purposes, whether the property is actually personal or real property. The Richardsons argue that if the trial court had properly applied I.C. § 63–1223 to this case, it would have had to find that the materials used in construction of the structures which contain a surge bin and a debarker, equipment used in the taxpayer's operation, fell within the sales tax exemption provided by I.C. § 63–3622(d) which applies only to tangible personal property. I.C. § 63–1223, however, applies to ad valorem taxation of personal property and does not apply to a sales tax determination.

 Likewise, the Richardsons' contention that the trial court erred in ruling that I.C. § 63–105T [6] does not provide a sales tax exemption for pollution control equipment is without merit. I.C. § 63–105T is contained in the ad valorem tax section of the Idaho Code and is inapplicable to sales tax collections. Tax exemptions are to be construed against the taxpayer and will not be created by implication. *Leonard Construction Co. v. State ex rel. Tax Commission*, 96 Idaho 893, 539 P.2d 246 (1975); *Kwik Vend, Inc. v. Koontz*, 94 Idaho 166, 483 P.2d 928 (1971). In 1977 the Idaho legislature added I.C. § 63–3622(e) to the sales tax provisions which created a sales tax exemption for pollution control equipment. If, as the taxpayer suggests, I.C. § 63–105T applies to sales taxes, the 1977 amendment to the sales tax act was unnecessary. In interpreting legislation, this Court will not presume that the legislature performed the idle act of enacting a superfluous statute. The taxpayer's contention that certain of the equipment in question was pollution control equipment and that the trial court erred in failing to find it exempt from the state sales tax as a result of I.C. § 63–105T is without merit.

Affirmed in part and reversed in part. No costs.

DONALDSON, C. J., and SHEPARD, McFADDEN and BISTLINE, JJ., concur.

**5.** See note 2, *supra*.

**6.** See note 3, *supra*.