701 P.2d 208

Betty MacNEIL, Plaintiff-Appellant,

v.

MINIDOKA MEMORIAL HOSPITAL, and the County of Minidoka, State of Idaho, Defendants-Respondents.

No. 15374.

Supreme Court of Idaho.

April 29, 1985.

Brent T. Robinson, of Ling, Nielsen & Robinson, Rupert, for plaintiff-appellant.

Alan Charles Goodman, and Larry Robert Duff, of Goodman & Duff, Rupert, for defendants-respondents.

DONALDSON, Chief Justice.

This is an action for wrongful discharge. Appellant, Betty MacNeil, was employed as a cleaning person at Minidoka Memorial Hospital on September 8, 1980. She was hired pursuant to an oral contract which did not specify any durational period. Sometime thereafter, her supervisor told her to pick up and read a copy of the hospital's personnel manual. MacNeil testified that there were no manuals available at the time and that she waited until the revised manual was issued in February of 1981 before obtaining a copy and reading it.

The manual outlined the hospital's personnel policies. In addition to general information about the hospital's history and operating procedures, it included a section on employee responsibilities and a section outlining the benefits which hospital employees were entitled to. In regard to dismissal, the manual provided that there were two general conditions which would subject an employee to dismissal: failure to carry out the reasonable directions of supervisors (insubordination or unsatisfactory service) and serious misconduct. In the case of the former, it stated that an employee would normally be given a written warning and be placed on probation before termination.

MacNeil was discharged by her supervisor on May 26, 1982. While she was given oral warnings prior to discharge, she received no written warnings, other than a written directive containing specific guidelines as to how much time she should spend on each of her assigned tasks, and she was never placed on probation. The trial court found that MacNeil was discharged for un-

satisfactory service rather than for serious misconduct. Specifically, she was not working well enough or fast enough, she failed to follow her supervisor's directions and her actions were causing dissatisfaction among other employees.

On February 16, 1983, MacNeil initiated this action against the hospital seeking damages for wrongful discharge. She alleged that her discharge was in violation of the procedures contained in the hospital policy manual. The district court concluded that the termination and disciplinary procedures set forth in the manual were generally enforceable against the hospital. The court held, however, that as appellant's termination was in substantial compliance with those procedures, she was not entitled to damages for wrongful discharge, and entered judgment for the hospital. MacNeil appeals from that judgment.

On appeal, MacNeil asserts that the hospital's policy manual became a part of her employment contract and that the hospital is liable for wrongful discharge because she was terminated in violation of the procedures contained therein.

The rule in Idaho, as in most states, is that unless an employee is hired pursuant to a contract which specifies the duration of the employment, or limits the reasons for which the employee may be discharged, the employment is at the will of either party, and the employer may terminate the relationship at any time for any reason without incurring liability. *See Jackson v. Minidoka Irrigation Dist.*, 98 Idaho 330, 563 P.2d 54 (1977) and the cases cited therein. The only general exception to the above rule is that an employer may be liable for wrongful discharge when the motivation for discharge contravenes public policy. *Jackson, supra.*

MacNeil has not presented any evidence which indicates that her termination was motivated by factors which would contravene public policy. Rather, she contends that the manual, furnished to her by the hospital sometime after she was hired, became a part of her employment contract and afforded her certain protections which the hospital violated in connection with her dismissal.

The authorities are split as to whether procedures and policies contained in employee manuals become a part of the employment contract, thus limiting an employer's right to terminate an at will employee. Annot. § 7, 12 A.L.R. 4th 544 (1982). *See, e.g., Toussaint v. Blue Cross & Blue Shield of Mich.*, 408 Mich. 579, 292 N.W.2d 880 (1980) (manual gave rise to contractual rights even though employee learned of its existence after his hiring); *Reynolds Mfg. Co. v. Mendoza*, 644 S.W.2d 536 (Tex.App. 1982) (employee handbooks constituted no more than general guidelines and could not be read as contractual limitations on company's power to terminate at will employees).

Under the circumstances of the present case there is no need for us to decide the question of whether employee handbooks give rise to enforceable contract rights. Even assuming that the provisions of the hospital manual did in fact become a part of MacNeil's employment contract, we still affirm the trial court.

In finding for the hospital in this case, the trial court treated the policy manual as if it were a part of MacNeil's contract. The court found that the hospital had substantially complied with the manual in terminating MacNeil and, thus, that it was not liable for wrongful discharge. While the testimony concerning the events leading up to MacNeil's dismissal is somewhat conflicting, the trial court's findings are supported by the record. As we have stated on numerous occasions, factual findings will not be disturbed on appeal where they are supported by substantial and competent, though conflicting evidence. I.R. C.P. 52(a). *See, e.g., Rueth v. State*, 103 Idaho 74, 644 P.2d 1333 (1982).

The decision of the trial court is affirmed.

Costs to respondent.

No attorney fees on appeal.

SHEPARD, BAKES, BISTLINE and HUNTLEY, JJ., concur.