707 P.2d 511

**Robert JONES and Ellis Hemsley, Plaintiffs-Appellants,**

v.

**EG & G IDAHO, INC., a corporation, Defendant-Respondent.**

No. CA–192, 15831.

Court of Appeals of Idaho.

Oct. 2, 1985.

Petition for Review Granted Jan. 30, 1986.

Spencer E. Daw, Idaho Falls, for plaintiffs-appellants.

Edward W. Pike (argued) and Dona Adams Pike, Albaugh, Pike, Anderson & Storer, Idaho Falls, for defendant-respondent.

PER CURIAM.

Robert Jones and Ellis Hemsley, two former employees of EG & G, sued for damages when their employment was terminated. They were fired for misappropriation of company property. The district court entered summary judgment against them. We affirm.

The facts essential to our opinion are not materially in dispute. EG & G is an operating contractor for the United States Department of Energy. It employs persons in diverse trades and occupations. Some categories of employees are entitled to receive special safety shoes at company expense. At times pertinent to this case, appellants Jones and Hemsley were quality control inspectors. The company did not furnish safety shoes to employees in this category. When appellants asked a project manager for authorization to obtain such shoes, their request was denied.

Subsequently, appellants and a third employee obtained a requisition form. In the presence of appellants, the third employee telephoned an immediate supervisor and inquired about the procedure for obtaining safety shoes. The supervisor explained the form and furnished a "charge number," but he said that the "approval signature"

space would require the name of the project manager who earlier had denied the appellants' request. At the conclusion of the telephone call, the third employee, while still in the presence of appellants, completed the form and signed the project manager's name. Using the manager's signature on another document for comparison, he drew a facsimile signature. The completed requisition then was used to obtain safety shoes. A company investigation later disclosed these events, and all three employees were terminated. This litigation ensued.

The company's written rules of conduct for employees provided that any "unauthorized use or removal" of company property would be a ground for discharge. The company's employment agreements with appellants contained no limitations upon these or any other reasons for discharge, nor did they specify any particular duration of employment. Accordingly, as appellants have conceded, the company was authorized to terminate employment if, in fact, any rules of conduct were violated.

The appellants contend that no violation occurred because the immediate supervisor, to whom the third employee spoke on the telephone, authorized the use of the project manager's name on the requisition form. In a deposition, the immediate supervisor acknowledged having said that the project manager's name was required, but he denied giving any authority to sign the name. Appellants have not raised any credibility issue by disputing the supervisor's account of the telephone conversation. Rather, the issue, as they have framed it, is limited to whether authority to sign the manager's name reasonably could have been inferred from the conversation. They contend that the district court erred by failing to give them the benefit of such an inference when granting summary judgment.

■ It is, of course, generally true that parties resisting a summary judgment are entitled to all reasonable inferences from the evidentiary facts. However, where, as here, no jury has been requested and the evidentiary facts are uncontrovert-ed, leaving a dispute only as to inferences, the judge—who eventually would sit as the trier of fact—is not constrained to draw inferences favorable to the parties resisting summary judgment. Rather, the judge may draw the inferences he deems most probable in light of the underlying facts. *Riverside Development Co. v. Ritchie*, 103 Idaho 515, 650 P.2d 657 (1982).

■ Appellants argue that the *Ritchie* rule should not apply because even though they did not ask for a jury trial in their complaint, they might have made such a request later. But a judge, when faced with a motion for summary judgment, cannot be left to speculate as to whether an amended pleading or a request for jury trial might be forthcoming. He must rule on the record before him. When a motion for summary judgment has been made, it is the litigants' obligation to remedy any perceived defects in the pleadings before the motion is finally submitted for decision.

■ Moreover, independent of *Ritchie*, if the undisputed evidentiary facts yield only one reasonable inference, that inference may be drawn even though it is unfavorable to the party resisting summary judgment. *Christensen v. Idaho Land Developers, Inc.*, 104 Idaho 458, 660 P.2d 70 (Ct.App.1983). Here, as noted above, the third employee talked to the immediate supervisor on the telephone and then proceeded in appellants' presence to draw a facsimile of the project manager's name in the "approval signature" space, using another document as a guide. Appellants knew that the manager previously had denied their request for safety shoes. In our view, the only *reasonable* inference to be drawn from these facts is that appellants were engaged in a scheme to obtain company property without proper authority. We conclude that no genuine issue of material fact exists as to a violation of the company's rules of conduct.

Accordingly, the summary judgment is affirmed. Costs, exclusive of attorney fees (which have not been requested), are awarded to the respondent, EG & G.