721 P.2d 726

Roger DEAL; Anthony Jemmett; James Tompkins; and Mandy Mining Corporation, a Louisiana corporation, Plaintiffs-Appellants-Cross-Respondents,

v.

Raymond and Beverly COCKRELL, husband and wife; and Lamar and Mona Cockrell, husband and wife, Defendants-Respondents-Cross-Appellants.

No. 16136.

Supreme Court of Idaho.

June 30, 1986.

John A. Bailey, Jr., Racine, Olson, Nye, Cooper & Budge, Pocatello, for plaintiffs-appellants-cross-respondents.

Jordan P. Smith, Salmon, for defendants-respondents-cross-appellants.

SHEPARD, Justice.

This is an appeal from a summary judgment entered in favor of defendants-respondents in an action brought for the breach of a mining lease agreement. We affirm.

Defendants-respondents own certain property in Lemhi County, near Salmon, Idaho, and in July 1981 entered into an agreement wherein Roger Deal and Anthony Jemmett as lessees, were to conduct mining operations on that property for a term of one year with an option to renew on an annual basis. That lease contained a nonassignment clause which barred any transfer under any pretense whatsoever without the consent of the defendants-respondents. In August 1982 defendants-respondents served a notice of breach of lease for failure of the plaintiffs-appellants to operate the mine professionally. In March 1983 defendants-respondents served another notice of breach of lease, demanding that the appellants cure the defaults within 30 days. When the appellants failed to cure, defendants-respondents, in May 1983 served a notice of termination of lease. Plaintiffs-appellants refused to relinquish possession of the mining property and thereafter defendants-respondents served a notice of unlawful detainer on the appellants. The appellants gave up possession of the premises and filed this action alleging that defendants-respondents wrongfully terminated the lease, seeking restitution of possession of the leasehold and damages for unlawful detainer. Upon

defendants-respondents' motion for summary judgment the court entered summary judgment terminating the lease and restoring defendants-respondents to possession of the property.

Summary judgment is properly granted under I.R.C.P. 56(c) when the pleadings, affidavits, depositions and admissions show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Ethington,* 103 Idaho 658, 651 P.2d 923 (1982); *Palmer v. Idaho Bank & Trust of Kooskia,* 100 Idaho 642, 603 P.2d 597 (1979). On the other hand, the non-movant for summary judgment is entitled to have the facts and all reasonable inferences flowing therefrom construed most favorably to the non-movant.

■ In the instant case it is undisputed that the lease agreement specified that any type of assignment would constitute a breach:

"12. ASSIGNMENT OR SUBLEASE

"Lessee agrees not to assign this lease or any interest thereunder and not to sublet the premises or any part thereof without prior written assent of Lessor, and not to allow any person or persons, except Lessee and his workmen, to take or hold possession of the premises or any part thereof under any pretense whatsoever, nor to claim any interest in whole or in part. In the event of Bankruptcy of the Lessee or any other legal process attaching any or all of Lessee's interest in and to the premises, said lease shall be immediately terminated."

It is undisputed that in September of 1981 the lessees Deal and Jemmett incorporated themselves, along with others, as Blackfoot Refinery, Inc., which immediately submitted an application for an Idaho State Mining Permit to mine the leased property. Thereafter, in May 1982, Blackfoot Refinery, Inc., entered into a partnership agreement with Kirkley Creek Mining Company which began mining the property, but soon thereafter halted because of financial difficulties. In August 1982 the Blackfoot/Kirkley partnership entered into

an agreement with Mandy Mining Company, a Louisiana corporation, following which Mandy Mining moved its equipment and employees onto the mining site. It is without dispute that these actions led to the termination of the lease by the defendants-respondents. The district court held that the actions of the plaintiffs-appellants lessees constituted a violation of, and a breach of, the lease agreement. We find no error.

■ Plaintiffs-appellants assert that although the evidentiary facts are not disputed, conflicting inferences may be drawn therefrom, among which is an inference that defendants-respondents had waived their right to terminate the lease. The existence of a waiver is a question of fact for determination by the trier of fact. *Riverside Development Co. v. Ritchie,* 103 Idaho 515, 650 P.2d 657 (1982); *C.I.T. Corp. v. Hess,* 88 Idaho 1, 395 P.2d 471 (1964). However, in *Ritchie* we held that if "evidentiary facts are not disputed, and the trial court rather than a jury will be the trier of fact, summary judgment is appropriate despite the possibility of conflicting inferences, because the court alone will be responsible for resolving the conflict between those inferences." Here, since a jury trial was not requested, the trial judge ultimately would be the trier of fact and would not necessarily be required to draw inferences in favor of the appellants. Rather, the trial judge should draw those inferences which he deems most probable. *See Ritchie, supra.*

■ Here, the record discloses that after the respondents-lessors had served the appellants-lessees with the initial termination notice, the appellants-lessees disclosed documents indicating the Kirtley Creek partnership agreement, and the Kirtley Creek/Mandy Mining agreement which furnished the initial knowledge to respondents-lessors that the lease had been transferred on at least three separate occasions. Shortly thereafter, on April 1, 1983, respondents-lessors served the notice of breach of lease upon the lessees, which the district

court held indicated prompt action on behalf of the respondents-lessees and non-waiver of the lease provisions prohibiting assignment. We find no error.

Appellants, for the first time on appeal, argue that the facts support an inference that Blackfoot Refinery had obtained merely a license, and hence there was no transfer in violation of the non-assignment clause of the lease. That argument was not submitted to the trial court, and issues not raised below will not be considered on appeal. *Baldner v. Bennett's, Inc.,* 103 Idaho 458, 649 P.2d 1214 (1982); *Green v. Young,* 102 Idaho 735, 639 P.2d 433 (1981).

The order of the trial court granting summary judgment is affirmed; costs to respondents.

DONALDSON, C.J., and BISTLINE, J., McFADDEN and WALTERS, JJ. pro tem., concur.