726 P.2d 703

**Robert JONES and Ellis Hemsley, Plaintiffs-Appellants,**

v.

**EG & G IDAHO, INC., Defendant-Respondent.**

No. 16338.

Supreme Court of Idaho.

Aug. 25, 1986.

Rehearing Denied Oct. 21, 1986.

Spencer E. Daw, Idaho Falls, for appellants.

E.W. Pike, of the firm Anderson, Pike & Bush, Idaho Falls, for respondent.

PER CURIAM.

Plaintiffs were discharged from the employ of EG & G for misappropriating company property (safety shoes). Plaintiffs sued for wrongful discharge, claiming that they had been authorized to requisition the shoes. The district court granted defendant's motion for summary judgment. The Court of Appeals affirmed in a *per curiam* opinion, 109 Idaho 400, 707 P.2d 511. This Court granted plaintiffs' petition for review. We now *affirm* the decisions of both the district court and the Court of Appeals, though on different grounds.

## I. BACKGROUND

Defendant EG & G is the operating contractor for the United States Department of Energy at the Idaho Nuclear Engineering Laboratory. Plaintiffs and co-worker Peter Thornock (not a party to this action) were employed as quality control inspectors with EG & G. Plaintiffs and Thornock were discharged for each misappropriating one pair of safety shoes. Plaintiffs claimed to have authorization from their immediate supervisor, Butch Marlow, to receive the shoes.

Plaintiffs claim their duties entitled them to one pair of safety shoes each year. EG & G states that the policy permitting their immediate supervisor to authorize such a requisition was changed in 1978–79, so that authorization rested only with project manager Ken Latham.

In the spring of 1980, Latham refused plaintiffs' request for safety shoes. According to plaintiffs, Latham told them there were no funds available for shoes at the moment, but to check back. EG & G claims it was a "routine" refusal.

Thereafter, plaintiffs and Thornock became aware that the shoemobile was in their area. They obtained a requisition form from the driver. Believing that Latham was away, Thornock, with plaintiffs present, telephoned their immediate supervisor, Marlow, to inquire about the procedure for obtaining shoes. Marlow explained the form and gave Thornock the nine-digit charge number to place on the form. Plaintiffs claim Marlow told Thornock to write Latham's name in the space for "approval signature." Plaintiffs assert their belief that Marlow had authority to requisition safety shoes. EG & G asserts that neither Marlow nor Latham authorized a forgery of Latham's signature.

Latham later learned of these events. An investigation followed, resulting in the three's discharge grounded on misappropriation of company property. Under EG & G's Employee Rules of Conduct, in effect and known to plaintiffs, unauthorized use or removal of company property and the willful falsification of company records were grounds for discharge.

## II. STANDARD OF REVIEW

As a preliminary matter, once again we restate the standards of review pertaining to motions for summary judgment. A motion for summary judgment is proper only when "there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." I.R.C.P. 56(c). When the motion is supported by depositions or affidavits, the adverse party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." I.R.C.P. 56(e). The latter requirement, however, does not change the standards applicable to the summary judgment motion. *Central Idaho Agency, Inc. v. Turner,* 92 Idaho 306, 310, 442 P.2d 442, 446 (1968). Those standards require the district court, and this Court upon review, to liberally construe the facts in the existing record in favor of the nonmoving party, and to draw all reasonable inferences from the record in favor of the nonmoving party. *Anderson v. Ethington,* 103 Idaho 658, 660, 651 P.2d 923, 925 (1982). In this process the Court must look to the "totality of the motions, affidavits, depositions, pleadings, and attached exhibits," not merely to portions of the record in isolation. *Central Idaho Agency, supra,* 92 Idaho at 310, 442 P.2d at 446. Circumstantial evidence can create a genuine issue of material fact. *Petricevich v. Salmon River Canal Co.,* 92 Idaho 865, 868–69, 452 P.2d 362, 365–66 (1969). "[A]ll doubts are to be resolved against the moving party." *Ashby v. Hubbard,* 100 Idaho 67, 69, 593 P.2d 402, 404 (1979). The motion must be denied "if the evidence is such that conflicting inferences can be drawn therefrom and if reasonable [people] might reach different conclusions." *Id.*[1]

## III. PLAINTIFFS WERE AT–WILL EMPLOYEES

The question originally decided on appeal was whether a genuine issue exists as to any material fact related to the plaintiffs' alleged wrongful discharge. However, a question preliminary to whether or not the plaintiffs were wrongfully discharged and given little attention below is whether the plaintiffs can sustain such an action against the defense that the plaintiffs were mere "at-will" employees subject to discharge at any time. This Court has held:

> The rule in Idaho, as in most states, is that unless an employee is hired pursuant to a contract which specifies the duration of the employment, or limits the reasons for which the employee may be discharged, the employment is at the will of either party, and the employer may terminate the relationship at any time for any reason without incurring liability. *See Jackson v. Minidoka Irrigation Dist.,* 98 Idaho 330, 563 P.2d 54 (1977) and the cases cited therein. The only general exception to the above rule is that an employer may be liable for wrongful discharge when the motivation for discharge contravenes public policy. *Jackson, supra.*

*MacNeil v. Minidoka Memorial Hospital,* 108 Idaho 588, 589, 701 P.2d 208, 209 (1985). Apparently both the district court

---

1. In a plurality opinion, Justice Bakes has written that "where the evidentiary facts are not disputed and the trial court rather than a jury will be the trier of fact, summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Riverside v. Ritchie,* 103 Idaho 515, 519, 650 P.2d 657, 661 (1982). That opinion subsequently has been cited in *Old West Realty v. Idaho State Tax Commission,* 100 Idaho 546, 716 P.2d 1318 (1986); *Kromrei v. AID Insurance Co.,* 110 Idaho 549, 716 P.2d 1321 (1986); and *Deal v. Cockrell,* 111 Idaho 127, 721 P.2d 726 (1986). However, as shown in the proceeding section, the instant parties vigorously dispute whether or not the plaintiffs' supervisor Marlow had authorized them to use project manager Latham's signature on the requisition form. They also disputed whether or not Latham had previously simply refused the plaintiffs' request for shoes, or had told them to check back later when funds might be available. Consequently, the above-quoted language from Justice Bakes' opinion in *Riverside* does not apply.

In addition, at the time of the defendant's motions, the defendant had not answered the complaint, for which reason the *plaintiffs* retained the right to demand a jury under I.R.C.P. 38(b), which they since have done. The right to a jury trial is "inviolate"; it must not be tread upon lightly. Idaho Const. art 1, § 7. In this circumstance, district courts should not presume that the plaintiffs would not demand a jury. Thus, the district court was bound by the above-stated rules pertaining to motions for summary judgment.

**594**

and the Court of Appeals passed over the question of "at-will" status in order to reach the question of whether the plaintiffs' discharge was wrongful. In the process we believe they passed over the more certain grounds for granting the defendant's motion.

The extant record unambiguously points to the plaintiffs being "at-will" employees. The plaintiffs were not hired for a specified term. Nor did the employee handbook limit the reasons for which they could be discharged. *Cf. Harkness v. City of Burley*, 110 Idaho 353, 715 P.2d 1283, 1286 (1986) ("An employee's handbook can constitute an element of the contract," which in *Harkness did* limit the reasons for which Harkness could be discharged.). The handbook provided the following:

RULES OF CONDUCT

EG & G employees are expected to conduct themselves responsibly and in accordance with established rules for personal behavior, use of Company property, health considerations, safety standards, security regulations, and other areas affecting the orderly and successful conduct of Company business. *The infractions described below are not intended to be all inclusive.*

Proven commission of any of the following infractions normally will be considered grounds for immediate discharge.... [then listing various grounds]. (Emphasis added.)

As this provision is not "all-inclusive" it clearly does not limit the reasons for discharge to those enumerated. Finally there is no indication of any contravention of public policy. In view of these uncontroverted facts, there is no question that the plaintiffs employment was "at the will of either party, and the employer [could] terminate the relationship at any time for any reason without incurring liability." *MacNeil, supra,* 108 Idaho at 589, 701 P.2d at 209. Accordingly, on these grounds the defendant's motion for summary judgment was properly granted.

The decisions of the District Court and Court of Appeals are affirmed on the grounds herein stated.

Costs to respondent; no attorney fees awarded.

SHEPARD, J., concurs in the result.