999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William STANLEY, Plaintiff-Appellant,
v.
The BOARD OF COUNTY COMMISSIONERS OF SHOSHONE COUNTY, IDAHO,
Defendant-Appellee.
 No. 91-35607.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 18, 1993.
Decided July 6, 1993.
 
 Before: WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Stanley appeals the district court's grant of summary judgment in favor of the Shoshone County Board of Commissioners ("Board") in this 42 U.S.C. § 1983 action. Stanley contends that the Board violated his Fourteenth Amendment right to due process by demoting him without notice and a hearing. We review de novo, T.W. Elec. Serv., Inc. v. Pacific. Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987), and we reverse.
 
 
 3
 In May 1984, the Board hired Stanley as a road supervisor; his salary was $2,234.22 per month and he had the use of a county vehicle for transportation from his home to his workplace. In May 1989, the Board reassigned Stanley to the position of equipment operator, at a salary of $11.62 per hour. Not only was his salary reduced, but as an equipment operator Stanley no longer had use of the county vehicle, and he worked under the general direction of the road supervisor. Shortly after he learned of the change in his employment, Stanley invoked the Shoshone County Personnel Policy ("Policy") to request a hearing before the grievance committee. The Board met and determined that Stanley was not entitled to a hearing under the Policy because he had not been demoted for cause. Stanley filed a Section 1983 action contending that he had been deprived of his property interest in a demotion hearing. The district court granted the Board's motion for summary judgment on the ground that Stanley had "failed to provide clear evidence that show[ed] he was demoted or disciplined for cause." Excerpt of Record, Tab 17, at 10. While recognizing that a factual dispute may yet exist, it found, under the summary judgment standard, that Stanley had "failed to prove it [was] 'genuine.' " Id.
 
 
 4
 The parties do not dispute that the rights of Stanley, as an employee of the county, are governed by the Shoshone County Personnel Policy. Because the Policy limits the manner in which the county may terminate and demote employees for cause, Stanley is not an employee "at will." Harkness v. City of Burley, 715 P.2d 1283, 1286-87 (1986). Article II, Section 5(B)(4) of the Policy provides that: "The Appointing Authority may demote or reduce in salary any regular employee in the department for either the good of the county or for a disciplinary measure for cause[.]" Article II, Section 8 of the Policy provides that an employee who is terminated or demoted for cause has a right to a grievance hearing.[1] The sole issue presented on appeal is whether Stanley presented sufficient evidence to withstand summary judgment on his claim that he was entitled to a hearing because his reassignment constituted a demotion for cause within the meaning of the Personnel Policy.
 
 
 5
 In support of its motion for summary judgment, the Board presented an affidavit from Sherry Krulitz, the Board's chairperson. Krulitz's affidavit stated that:
 
 
 6
 The reason that William Stanley was reassigned in May of 1989 was that the Board of County Commissioners concluded that the present structuring within the road department was not working in the best interests of the county.... Shoshone County Personnel Policy attached in part hereto provides for discipline for cause. William Stanley's reassignment was for none of the reasons listed therein. [His] reassignment was part of an overall restructuring of the department and done in an effort to improve morale of the employees. The Board of County Commissioners determined it would be to the County's best interest to make the changes [at issue.] Because William Stanley's reassignment was not a "for cause" disciplinary procedure or demotion, the grievance procedure contained within the County Personnel Policy was not applicable.
 
 
 7
 Excerpt of Record, Tab 5, at 3 (citations omitted).
 
 
 8
 In opposing the Board's motion, Stanley presented excerpts from Krulitz's deposition, her answers to interrogatories, and excerpts from the Personnel Policy. In her deposition testimony, Krulitz reiterated that the Board did not reassign Stanley for a "disciplinary reason," and therefore it did not consider the reassignment a demotion for cause. However, Krulitz admitted that, while Stanley was a road supervisor, a morale problem existed within his district. When asked whether it was "Bill's responsibility to both get the job done in terms of maintaining, repairing and making sure all of the actual labor is done properly, and also maintaining a good relationship with the people working for him," she responded: "I think probably early on. I think by the time I came into play he had been there for three years and he was pretty--it was pretty decided that he was concerned. He wanted a good job and I don't know [whether] he was concerned anymore about their morale. Maybe he'd even given up on trying to change the morale...." Excerpt of Record, Exhibit 1 Tab, 75. Later she suggested that Stanley found it difficult to perform: "[He] knew how the men felt about him. There was no trust, there was no respect." Id. at 76.
 
 
 9
 We agree with Stanley that his change of job from a road supervisor to an equipment operator amounted to a demotion because his salary was reduced, he no longer had use of the county truck, and he lost his supervisory responsibilities. In fact, he was demoted to a grade that he had previously supervised. Nevertheless, the Personnel Policy allows the Board to demote an employee "for either the good of the county or for a disciplinary measure for cause." Art. II, § 5(B)(4). Accordingly, Stanley is entitled to a hearing only if he was demoted "for cause."
 
 
 10
 The Personnel Policy defines demotion "for cause" as a "disciplinary measure." Id. Chairperson Krulitz testified that the Board reassigned Stanley for the good of the county, and not as a disciplinary measure. Stanley's affidavit incorporated Article II, Section 5 of the Personnel Policy, which lists the major and minor offenses for which an employee can be disciplined. He argues that the evidence supports an inference that he was demoted because he failed to maintain good morale in his district. We agree that such an inference may be drawn. First, the job description for a road supervisor calls for an "ability to develop and maintain effective working relationships with ... subordinates," a skill necessary to adequate performance of supervisorial duties. Second, Section 5(C) of the Policy specifies certain offenses as subject to disciplinary action including:
 
 
 11
 (8) Incompetency and inefficiency in the performance of job duties resulting in an unsatisfactory rating on performance evaluations....
 
 
 12
 (13) Such other cause as may deem to effect the employee's fitness or ability in the performance of his/her job duties.
 
 
 13
 Under Section 5(b)(4), demotion is defined as one of the five means of disciplinary action available to the Board. Third, Krulitz's testimony itself is ambiguous as to the reasons for Stanley's demotion. With respect to hiring a new Public Works Director, she testified that "[a]t the same time, we were concerned with some of the comments that Pat had made that his job would probably be easier if it weren't for Bill [Stanley] ... he came to us on more than one occasion and felt there was a problem and Bill was the point of it ... we had a vacancy in the Murray Shop where we didn't have to get rid of anyone, if we made this clean sweep now and reorganized...." Excerpt of Record, Exhibit 1 Tab 98-99. Stanley has presented sufficient evidence from which a fact finder could find that a demotion for failing to maintain good morale as a road supervisor constituted a "disciplinary measure for cause" within the meaning of the Policy. His evidence and the inferences that may be drawn from it survive the summary judgment standard. Stanley has met the burden of providing "specific facts showing that there is a genuine issue for trial." T.W. Elec. Serv., 809 F.2d at 630; Fed.R.Civ.P. 56(e). At a minimum, a "genuine dispute" exists with respect to Stanley's failure to maintain morale caused him to be demoted "for cause." Stanley's right to a hearing turns on that very issue. Because a genuine issue of material fact exists, the district court incorrectly granted the Board's motion for summary judgment.[2]
 
 
 14
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Neither party included the actual text of Section 8 in the materials filed in the district court. This section, however, is cited in the Board's memorandum in support of its motion for summary judgment, and it is undisputed that a county employee who is demoted for cause is entitled to a hearing
 
 
 [2]
 Since the Board has not prevailed on appeal, it is not entitled to attorneys' fees under 42 U.S.C. § 1988