629 P.2d 662

Jerry WALKER and Valene Ruth Walker, husband and wife, and Dennis Walker and Terry Anita Walker, husband and wife, Plaintiffs-Appellants,

v.

NATIONWIDE FINANCIAL CORPORATION OF IDAHO, an Idaho Corporation, Defendant-Respondent.

No. 13307.

Supreme Court of Idaho.

April 30, 1981.

Rehearing Denied June 23, 1981.

Bruce S. Bistline, Vern E. Herzog, Jr., Pocatello, for plaintiffs-appellants.

John K. Looze, Pocatello, for defendant-respondent.

DONALDSON, Justice.

This is an appeal from a district court summary judgment in favor of respondents

---

in an action brought by appellants in which they sought statutory penalties and other appropriate relief from an alleged usurious loan.

On April 26, 1976, appellants Jerry and Valene Walker, husband and wife, executed an agreement with respondent Nationwide Financial Corporation for a loan of $15,-537.64. The loan agreement expressed on its face an annual percentage rate of 18%. The security for the loan included a first deed of trust against certain real property owned by Jerry and Valene Walker.

Approximately two years later, appellants Jerry and Valene transferred the real property in question to appellants Dennis and Anita Walker, husband and wife. Shortly thereafter, suit was initiated in the district court for relief from the alleged usurious loan.

Both appellants and respondent filed motions for summary judgment. The district court ruled in favor of respondent. The court, noting confusion and possible inconsistencies in the various controlling sections of the Idaho Code, found that the respondent "made the loan in good faith following the law according to the manner in which it could plainly be read and interpreted" and that the respondent appeared "to have complied with all of the requirements imposed by the U.C.C.C. as the same pertains to consumer loans." This appeal followed.

Former I.C. § 28-22-105 (1969 Idaho Sess. Laws), as effective in the instant case, is a generally prohibitive statute which provides in relevant part that the maximum permissible interest rate for loans which do not come within the Uniform Consumer Credit Code is 10%. The question before us is whether the Walker loan is a consumer loan so as to avoid the 10% limitation. We conclude that it is.

I.C. §§ 28-33-104 and 28-33-105, as effective at the time of this action, are set out in the 1973 Session Laws, ch. 113, p. 205, as follows:

"AMENDING SECTION 28-33-104, IDAHO CODE, RELATING TO THE DEFINITION OF A CONSUMER LOAN TO PROVIDE THAT A LOAN SECURED BY AN INTEREST IN LAND IS A CONSUMER LOAN : AMENDING SECTION 28-33-105, IDAHO CODE, RELATING TO THE DEFINITION OF A LOAN PRIMARILY SECURED BY INTEREST IN LAND BY PROVIDING THAT SUCH A LOAN IS A CONSUMER LOAN IF THE INTEREST RATE EXCEEDS TEN PER CENT PER YEAR.

Be It Enacted by the Legislature of the State of Idaho:

SECTION 1. That Section 28-33-104, Idaho Code, be, and the same is hereby amended to read as follows:

28-33-104. DEFINITION—'CONSUMER LOAN.'—Except with respect to a loan primarily secured by an interest in land (section 28-33-105, Idaho Code), 'consumer loan' is a loan made by a person regularly engaged in the business of making loans in which

(1) The debtor is a person other than an organization;

(2) The debt is incurred primarily for a personal, family, household, or agricultural purpose;

(3) Either the debt is payable in instalments or a loan finance charge is made; and

(4) The principal does not exceed $25,-000. or the debt is secured by an interest in land. The amount of $25,000 is subject to change pursuant to the provisions on adjustment of dollar amount (section 28-31-106, Idaho Code).

SECTION 2. That Section 28-33-105, Idaho Code, be, and the same is hereby amended to read as follows:

28-33-105. DEFINITION—'LOAN PRIMARILY SECURED BY AN INTEREST IN LAND.'—Unless the loan is made subject to this act by agreement (section 28-33-105 601, Idaho Code), and except as provided with respect to disclosure (section 28-33-301, Idaho Code) and debtors' remedies (section 28-33-201, Idaho Code), 'consumer loan' does not include a 'loan primarily secured by an interest in land,' if at the time the loan is made the

value of this collateral is substantial in relation to the amount of the loan, and the loan finance charge does not exceed 10 percent per year calculated according to the actuarial method on the unpaid balances of the principal on the assumption that the debt will be paid according to the agreed terms and will not be paid before the end of the agreed term." (emphasis added).

It is well established that statutes should be interpreted to mean what the legislature intended them to mean, *Gavica v. Hanson*, 101 Idaho 58, 608 P.2d 861 (1980); *Smith v. Department of Employment*, 100 Idaho 520, 602 P.2d 18 (1979); *Local 1494 of the International Association of Firefighters*, 99 Idaho 630, 586 P.2d 1346 (1978), but where the meaning of a statute is unclear, resort may be had to the statutory heading as an aid in ascertaining legislative intent, *State v. Murphy*, 94 Idaho 849, 499 P.2d 548 (1972); *State v. Mead*, 61 Idaho 449, 102 P.2d 915 (1940).

We agree with the district court that the statutes in question are confusing. I.C. §§ 28–33–104 and 28–33–105, as they existed, are susceptible to various interpretations and give no clear indication of legislative intent. A perusal of their text leaves unanswered the basic question presented of whether a loan secured by an interest in land or a loan primarily secured by an interest in land is conclusively a consumer loan and properly subject to an interest rate which may exceed the general usury limit of 10 percent as imposed by then I.C. § 28–22–105. Thus, this Court turns to the statutory heading for assistance. There, as set out in full above, clear language appears to the effect that a loan secured by an interest in land is a consumer loan, and that a loan primarily secured by an interest in land is a consumer loan if the interest rate exceeds ten percent per year.

As it is incumbent upon this Court to give a statute an interpretation that will not in effect nullify it, *Magnuson v. Idaho State Tax Commission*, 97 Idaho 917, 556 P.2d 1197 (1976); *De Rousse v. Higginson*, 95 Idaho 173, 505 P.2d 321 (1973); *Sampson v. Layton*, 86 Idaho 453, 387 P.2d 883 (1963); *Filer Mutual Telephone Co. v. Idaho State Tax Commission*, 76 Idaho 256, 281 P.2d 478 (1955), and it is not to be presumed that the legislature performed an idle act of enacting a superfluous statute, *Richardson v. State Tax Commission*, 100 Idaho 705, 604 P.2d 719 (1979), we are of the opinion that the legislature intended, as specifically evidenced in the statutory heading to I.C. §§ 28–33–104 and 28–33–105, that a loan secured by an interest in land is a consumer loan, if, of course, the other requirements of the statute are met, and that a loan primarily secured by an interest in land is likewise a consumer loan if the interest rate exceeds ten percent. In light of the mandate of the foregoing caselaw, we cannot assume that the legislature thus intended to provide for a class of loans with interest rates in excess of ten percent, but failed to consider that this class would then never exist because application of I.C. § 28–22–105 would never allow an interest rate to exceed ten percent. That the legislature intended to provide for an empty class and thereby create a meaningless provision is an absurd result and one which we avoid.

We note further that the legislature, by specifically providing for the definition of loans either secured by or primarily secured by an interest of land within the Uniform Consumer Credit Code, intended that the prescription of I.C. § 28–31–108,[1] a general provision of the Uniform Consumer Credit Code, should apply and thereby displace the

---

1. I.C. § 28–31–108(1), in relevant part, provides the authority for overriding the limitations of I.C. § 28–22–105, to wit:

"This act prescribes maximum charges for all creditors . . . extending consumer credit including consumer loans (section 28–33–104) . . . and displaces existing limitations on the powers of those creditors based on maximum charges."

That we look to this statute is supported by caselaw holding that all sections of applicable statutes should be considered and construed together. *See, e. g., Magnuson v. Idaho State Tax Comm'n*, 97 Idaho 917, 556 P.2d 1197 (1976); *Janss Corp. v. Board of Equalization of Blaine County*, 93 Idaho 928, 478 P.2d 878 (1970).

ten percent maximum rate of interest as found in I.C. § 28–22–105.[2]

In light of the above, we affirm the order of the district court that the Walker loan is in compliance with the pertinent U.C.C.C. requirements as to consumer loans and its interest rate of 18 percent is neither illegal nor usurious.

Costs to respondent. No attorney fees allowed.

BAKES, C. J., McFADDEN, J., and SCOGGIN, J. Pro Tem, concur.

SHEPARD, J., dissents without opinion.

2. While it has no retroactive effect upon our disposition of the present case, it is interesting to note that the legislature has amended I.C. § 28–22–105, clarifying under what circumstances the general maximum rate of interest applies. A consumer loan as defined by the present I.C. §§ 28–33–104 and 28–33–105 is excluded.