798 P.2d 27

**Tom SWEITZER, Plaintiff–Appellant,**

v.

**Lee DEAN, City Manager, and City of Post Falls, Defendants–Respondents.**

No. 18100.

Supreme Court of Idaho.

Aug. 23, 1990.

Jenkins & Leggett, Coeur d'Alene, for plaintiff-appellant. Ida R. Leggett argued.

Quane, Smith, Howard & Hull, Coeur d'Alene, for defendants-respondents. Marc A. Lyons argued.

BOYLE, Justice.

In this action based on wrongful discharge, we are called upon to determine whether the trial court abused its discretion in denying plaintiff's motion to amend the pleadings and whether the trial court properly granted a directed verdict.

The plaintiff-appellant, Thomas E. Sweitzer, brought this action against the respondent claiming that he was constructively discharged from a position he held with the City of Post Falls. He claimed that his discharge constituted a breach of contract which deprived him of a property right to continued employment in violation of his due process rights under the Idaho Constitution. The district court granted a directed verdict in favor of the City of Post Falls on the grounds that Sweitzer had failed to file a timely notice of claim pursuant to I.C. § 50–219 and alternatively that there was insufficient evidence to support the cause of action. Sweitzer appeals this ruling.

Thomas Sweitzer was employed by the defendant/respondent, City of Post Falls (hereinafter City), as a general maintenance worker. His employment with the City began in July, 1975 and ended in 1984 when he submitted his resignation. He was fifty years old at the time his employment was terminated.

Sweitzer had initially been employed by the Street and Water Department of the City of Post Falls, Idaho. Following a brief layoff in February 1983, he was transferred to the City cemetery where his duties consisted of mowing lawns, helping with funerals, digging graves and settling grave sites. Because Sweitzer had family and friends buried in the cemetery where he worked, he claimed his tasks were troubling to him, causing stomach pains and sleep disorders. Sweitzer informed his supervisors and Lee Dean, the City Administrator and a co-defendant-respondent in this case, that the work in the cemetery was making him ill and that he had been consulting a doctor for the disorders.

Sweitzer was again laid off in November 1983 after which he requested to be assigned a position reading water meters rather than being reassigned to the cemetery. His request for the meter reading position was granted, however he declined to take the position because the salary was $250.00 less per month than he was earning as the cemetery maintenance worker. Sweitzer requested a hearing with the Post Falls City Council to discuss the meter reading position. Approximately a week later, Mr. Sweitzer was notified at 3:45 p.m. that a hearing was scheduled that evening at 7:00 p.m. At the hearing Sweitzer was told that the meter reading position was no longer available and that he would have to take the cemetery job if he wanted continued employment with the City. On April 16, 1984, Sweitzer submitted his resignation claiming that he could not accept the cemetery position due to the attendant health problems associated with working in the cemetery.

After exhausting all administrative remedies, Sweitzer submitted a Notice of Claim against the City of Post Falls on February 20, 1985. On September 17, 1985, Sweitzer filed a complaint against the City of Post Falls and Lee Dean, City Manager, claiming wrongful discharge. Sweitzer alleged that he was wrongfully discharged because of his age in violation of the Federal Age Discrimination in Employment Act and I.C. § 67–5909. He also asserted claims for breach of contract, breach of an implied covenant, deprivation of a property interest without due process of law in violation of art. 1, § 13 of the Idaho Constitution, and intentional infliction of emotional distress. Prior to trial Sweitzer withdrew all claims except the claims for breach of contract and violation of due process under the Idaho State Constitution.

At the close of evidence but prior to the jury commencing deliberations, Sweitzer moved to amend his complaint to assert a cause of action under 42 U.S.C.A. § 1983. The trial court denied the motion to amend and granted the City's motion for a directed verdict on both claims. The directed verdict was granted in part on the basis that Sweitzer failed to file a timely notice

of claim as provided in I.C. § 50–219. The trial court ruled that I.C. § 50–219 required notice be given for all claims against a municipality within 120 days after the claim arose and that there was insufficient evidence to allow the case to go to the jury on Sweitzer's other claims.

On appeal Sweitzer challenges several of the trial court's rulings. Sweitzer contends that the trial court improperly granted a directed verdict and that the trial court incorrectly ruled that I.C. § 50–219 requires filing of a notice of claim as prescribed in I.C. § 6–906. He contends that a notice of claim is required only in cases involving tort claims and that the trial court's denial of his motion to amend the complaint was an abuse of discretion. We will address each of these issues separately as well as the respondent's claim for attorney fees on appeal.

I.

*Time for Notice of Claims Against a Municipality*

Sweitzer argues that the directed verdict in favor of the City of Post Falls was improper for two reasons. First, he contends that the trial court's reliance on *Harkness v. City of Burley*, 110 Idaho 353, 715 P.2d 1283 (1986), was misplaced in that I.C. § 50–219 was amended since *Harkness* was decided, making that decision no longer applicable. Secondly, Sweitzer argues that the trial court, in ruling on the City's motion for directed verdict, incorrectly applied the filing procedures set forth in I.C. § 6–906 on grounds that the notice requirement set forth in I.C. § 6–906 pertains only to tort claims. Sweitzer terminated his employment with the City on April 16, 1984. He filed a notice of claim against the City on February 20, 1985, which was more than ten months after his resignation. In granting a directed verdict against Sweitzer, the trial court relied upon I.C. § 50–219 as it was codified at the time Sweitzer's claim arose, which provided as follows:

**Damage Claims.**—All claims for damages against a city must be filed as prescribed by chapter 9, title 6, Idaho Code.

Idaho Code § 6–906 sets forth the procedure for filing claims against political subdivisions and its employees and provides as follows:

**Filing claims against political subdivision or employee—Time.**—All claims against a political subdivision arising under this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred twenty (120) days from the date the claim arose or reasonably should have been discovered, which ever is later.

In directing a verdict in favor of the City, the trial court held Sweitzer was precluded from asserting his claims against the City for failure to provide timely notice as required by I.C. § 50–219 and § 6–906. The trial court interpreted I.C. § 50–219 to mandate that *all* claims against a city, tort or otherwise, must be filed pursuant to the procedure set forth in I.C. § 6–906. Since Sweitzer filed his claim approximately ten months following his resignation, *i.e.,* the time his cause of action arose, the trial court held his claims were barred for failure to comply with the one hundred twenty days notice requirement.

In reaching its conclusion the trial court relied on *Harkness v. City of Burley,* 110 Idaho 353, 715 P.2d 1283 (1986), wherein this Court affirmed the trial court's dismissal of claims against the City of Burley for breach of contract and breach of the duty of good faith and fair dealing because the plaintiff failed to provide timely notice pursuant to I.C. § 50–219. In *Harkness,* the plaintiff filed his notice seven months after his claim arose as opposed to the sixty days specified by I.C. § 50–219 [1] and the trial court dismissed the claims for failure to comply with the notice requirements. Harkness appealed, asserting that the four year statute of limitations for bringing an action on an oral contract, as set forth in I.C. § 50–217, controlled over the sixty day notice period in I.C. § 50–219. This Court disagreed and affirmed the trial court's decision, holding that I.C. § 50–219 is not a statute of limitations and held that the requirement of sixty days notice of claim was applicable in addition to the specified statute of limitations.

In the present case, Sweitzer contends that *Harkness v. City of Burley* does not apply because I.C. § 50–219, as amended in 1983 replaced the requirements of the Idaho Tort Claims Act, chap. 9, tit. 6 of the Idaho Code (hereinafter "ITCA"). Sweitzer argues that the ITCA contains no language which would require notice for damage claims other than for tort claims. Sweitzer contends that had the legislature intended a more inclusive statutory scheme, it would have enacted a general claims act rather than the more restrictive ITCA which limits its scope to tortious conduct. Sweitzer argues that if the legislature had amended and revised I.C. § 50–219 to read "as prescribed by *I.C. § 6–906"* (emphasis added), the outcome of his case arguably would be different. However, since the 1983 amendment to I.C. § 50–219 states "as prescribed by *chapter 9, title 6"* (emphasis added), Sweitzer argues that the legislature in effect substituted the entire tort claim act for § 50–219. Sweitzer contends that the only rational conclusion is that the legislature intended claims against the City to be controlled and determined in compliance with the ITCA and since the ITCA refers only to tort claims, its requirement for filing of notice of claims is restricted to tort claims. We disagree.

## II.

### *Judicial Construction of Statutes*

 When interpreting the meaning of the language contained in a statute, this Court's task is to give effect to the legislature's intent and purpose. *Gumprecht v. City of Coeur d'Alene,* 104 Idaho 615, 661 P.2d 1214 (1983). In construing a statute,

---

**1.** Prior to being amended in 1983, I.C. § 50–219 required sixty days notice rather than one hundred twenty days notice. Harkness's claim arose prior to the 1983 amendment whereas Sweitzer's claim arose subsequent to the 1983 revision.

the Supreme Court may examine the language used, reasonableness of the proposed interpretations, and the policy behind the statutes. *Umphrey v. Sprinkel,* 106 Idaho 700, 682 P.2d 1247 (1983). It is incumbent upon this Court to interpret a statute in a manner that will not nullify it, and it is not to be presumed that the legislature performed an idle act of enacting a superfluous statute. *Walker v. Nationwide Fin. Corp. of Idaho,* 102 Idaho 266, 629 P.2d 662 (1981). The Supreme Court will not construe a statute in a way which makes mere surplusage of provisions included therein. *Hartley v. Miller–Stephan,* 107 Idaho 688, 692 P.2d 332 (1984). "It is the duty of the courts in construing statutes to harmonize and reconcile laws wherever possible and to adopt that construction of statutory provision which harmonizes and reconciles it with other statutory provisions." *Sampson v. Layton,* 86 Idaho 453, 387 P.2d 883 (1963). "Any ambiguity in a statute should be resolved in favor of a reasonable operation of the law." *Lawless v. Davis,* 98 Idaho 175, 560 P.2d 497 (1977). When construing the language contained in a statute, this Court will construe statutory terms according to their plain, obvious, and rational meanings. *Hartley v. Miller–Stephan,* 107 Idaho 688, 692 P.2d 332 (1984); *Walker v. Nationwide Fin. Corp. of Idaho,* 102 Idaho 266, 629 P.2d 662 (1981).

When referring to "chapter 9, title 6", I.C. § 50–219 states, *"all* claims for damages against a city must be *filed* as prescribed* by chapter 9, title 6, Idaho Code." (Emphasis added.) *Black's Law Dictionary* (5th ed.), defines the word "prescribe" to mean, "[t]o lay down authoritatively as a guide, direction, or rule; to point to, to direct; to give as a guide, direction or rule of action." Applying the plain meaning of the words "all" and "filed" in conjunction with that of the word "prescribe," may clearly be construed to mean that all damage claims are to be filed as directed by or in the manner set forth in the ITCA. Applying the plain meaning of the language contained in I.C. § 50–219 clearly demonstrates that the legislature's intent was to incorporate the notice re-

quirements contained in chapter 9, title 6 so as to make the filing procedures for all claims against a municipality uniform, standard and consistent. To construe the language to mean that the Tort Claims Act is substituted for I.C. § 50–219 would render I.C. § 50–219 meaningless and essentially null. We therefore construe the language contained in I.C. § 50–219 to require that a claimant must file a notice of claim for all damage claims, tort or otherwise, as directed by the filing procedure set forth in I.C. § 6–906 of the Idaho Tort Claims Act, chap. 9, tit. 6. As such, the decision in *Harkness v. City of Burley,* 110 Idaho 353, 715 P.2d 1283 (1986), is applicable and controlling.

Sweitzer contends that the issue presented in *Harkness* is distinguishable from the issues presented in this case and therefore it is not applicable. He asserts that if the decision in *Harkness* regarding the notice of claim requirements is applicable, then it supports only the directed verdict on the contract claim and not the violation of due process claim. Sweitzer points out that in *Harkness* this Court upheld the dismissal of the contract claims, however the Court left undisturbed the trial court's decision not to dismiss the deprivation of property interest claim brought under 42 U.S.C.A. § 1983. Therefore, Sweitzer asserts that at its very best, *Harkness* supports only the directed verdict on the contract claim, and the trial court's dismissal of Sweitzer's constitutional claim went beyond the holding in *Harkness* and cannot be supported by that case. We disagree.

The constitutional claim in *Harkness* was based on the United States Constitution and brought pursuant to 42 U.S.C.A. § 1983. A state's notice-of-claim statute which provides that no action may be brought or maintained against a state government subdivision unless claimant provides written notice within a certain period of time is preempted when a federal civil rights action is brought in state court. *See Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); *Overman v. Klein,* 103 Idaho 795, 654 P.2d 888 (1982). Since the constitutional claim in *Harkness* was brought pursuant to 42 U.S.C.A.

§ 1983, the notice of claim requirement of I.C. § 50–219 was preempted by the federal statute and distinguishes *Harkness* from the instant appeal.

We construe the language in I.C. § 50–219 to require that a notice of claim must be filed for all claims against a subdivision of the state, and not limited solely to tort claims.

### III.

### *The Granting of the Motion for a Directed Verdict*

The trial court granted the City's motion for a directed verdict based on Sweitzer's failure to file the requisite notice of claim and because the evidence presented did not support the claims for breach of contract or violation of due process.

 On a motion for a directed verdict a trial judge is faced with the issue of whether, as a matter of law, the evidence presented would allow reasonable minds to conclude that a verdict in favor of only one of the parties is proper. *See Sidwell v. William Prym, Inc.*, 112 Idaho 76, 730 P.2d 996 (1986). On appeal, the standard of review is the same, *i.e.*, to determine whether as a matter of law a party produced sufficient evidence from which reasonable minds could only conclude that a verdict in favor of that party was proper. I.R.C.P. 50(a); *see Sidwell v. William Prym, Inc.*, 112 Idaho 76, 730 P.2d 996 (1986); *Gmeiner v. Yacte*, 100 Idaho 1, 592 P.2d 57 (1979). The standard to be applied to the trial judge's denial of the motion to amend is whether that denial constituted an abuse of discretion. *Obray v. Mitchell*, 98 Idaho 533, 567 P.2d 1284 (1977).

The notice requirements set forth in I.C. § 50–219 are applicable to all of Sweitzer's claims and his failure to give such notice is an appropriate basis for a directed verdict as a matter of law. Furthermore, our review of the record supports the trial court's conclusion that there was insufficient evidence to support either the breach of contract or the violation of due process claims.

 A public employee's interest in continued employment may constitute a property interest. *Simmons v. Board of Trustees, Inc.*, 102 Idaho 552, 633 P.2d 1130 (1980). If such property interest exists, then the government employee is entitled to procedural due process protections of notice and hearing prior to being discharged. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Simmons v. Board of Trustees, Inc.*, 102 Idaho 552, 633 P.2d 1130 (1980). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Id.*, 102 Idaho at 554, 633 P.2d at 1132. A review of the record shows that there was a contractual relationship between the parties which creates a property right in continued employment with the City. However, as found by the trial court, there is no evidence in the record to support a breach of that contract or a violation of Sweitzer's right to due process.

Few facts if any were controverted. The record reveals that Sweitzer worked at various times for the City and that his work at the cemetery caused him physical and emotional difficulties. Sweitzer informed Dean of these difficulties and requested that he be assigned a meter reading position. The City attempted to accommodate Sweitzer's situation by offering him the meter reading position, however he declined it because it would have required a reduction in his salary. Sweitzer was then offered his previous cemetery maintenance position which he declined because he could not tolerate the work. The evidence is clear that Sweitzer had an opportunity to accept the meter reading position and chose not to do so because he was unwilling to take a reduction in his salary even though that position would alleviate the stress created by working in the cemetery. There was no evidence presented to establish that the City's conduct under these circumstances was improper. Rather, a review of the record reveals that the evidence is clear that Sweitzer was not wrongfully or constructively discharged. Sweitzer made a voluntary personal choice to terminate his employment rather than accept a comparable

position which did not entail the emotional stress involved in the cemetery position.

With regard to the issue of notice and hearing, the record shows that Sweitzer notified Dean about his difficulties and concern while working in the cemetery. As noted, Sweitzer was offered alternative employment as a meter reader which he voluntarily declined. Sweitzer was given an opportunity to appear before the city council members to discuss his situation and he presented no evidence at trial to show that the notice he received of his meeting with the city council was inadequate or that he was prejudiced in any way as a result of receiving notice only a few hours prior to the hearing. The only evidence presented was that the City informed him that the meter reading position was no longer available and that he would have to take the cemetery maintenance position if he wanted continued employment with the City. There is no evidence in the record before us which would allow this Court to conclude as a matter of law that the City's actions were improper or illegal. The only evidence before us in the record is that Sweitzer had been offered the position he requested, turned it down because of the salary, requested a hearing to discuss the matter again, and at that time was informed that the position he wanted was no longer available. This evidence does not support a breach of contract or violation of due process claim.

Based on our review of the record, we conclude that the trial court did not err when it concluded there was no evidence upon which a jury could have held in favor of Sweitzer. The uncontroverted evidence establishes that Sweitzer voluntarily terminated his employment with the City. We therefore affirm the trial court's granting of the directed verdict. In addition, Sweitzer failed to file the statutorily required notice of claim against the City, and failed to present sufficient evidence upon which reasonable minds could conclude in his favor. We find no abuse of discretion in the trial court granting the City's motion for a directed verdict.

## IV.
### Denial of the Motion to Amend the Complaint

After the close of the evidence but prior to the case being submitted to the jury, Sweitzer moved to amend his complaint to conform to the proof at trial. Sweitzer desired at that late hour to amend his complaint to state a claim for violation of his due process rights under the United States Constitution pursuant to 42 U.S.C.A. § 1983. The trial court denied the motion, and Sweitzer appeals asserting that the court's denial was improper. I.R.C.P. 15(b) states in pertinent part:

**Rule 15(b). Amendments to conform to the evidence.**—When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; ... If evidence is objected to at trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits ...

In applying this rule, "[t]he trial court has wide discretion in permitting amendments of pleadings to conform to the proof." *Obray v. Mitchell*, 98 Idaho 533, 567 P.2d 1284 (1977); *Cameron Sales, Inc. v. Klemish*, 93 Idaho 451, 463 P.2d 287 (1970). Likewise, the determination of whether an issue, not raised by the pleadings, has been tried by consent of the parties is also within the sound discretion of the trial court. *Smith v. King*, 100 Idaho 331, 597 P.2d 217 (1979). While amendments to pleadings should be liberally allowed, the ruling of a district court will not be overturned absent a showing of abuse

of discretion. *Smith v. King*, 100 Idaho 331, 597 P.2d 217 (1979); *Obray v. Mitchell*, 98 Idaho 533, 567 P.2d 1284 (1977).

 The trial court denied the motion to amend on the basis that the City would have been prejudiced and stated as its reason that had the City known that it would be faced with a federal violation of civil rights claim under § 1983 it would likely have presented a different defense. Sweitzer contends that the City would not have been prejudiced because the defense would have been the same under the § 1983 claim as the combined defense for the breach of contract and violation of due process claims. Sweitzer argues that under the federal claim he would have been required to establish the existence of a property or contractual right that was breached, and that he lost his property right without being afforded a meaningful hearing. *See Simmons v. Board of Trustees, Inc.*, 102 Idaho 552, 633 P.2d 1130 (1981). Sweitzer argues that this is the same burden imposed upon him in presenting the contract claim and state constitutional claim, and since the City was prepared to defend these claims there could have been no prejudice in permitting the jury to consider the § 1983 claim.

Sweitzer's argument is as unpersuasive to us as it was to the trial court. The trial court granted the City's motion for a directed verdict for two reasons, the first being Sweitzer's failure to comply with the notice requirements of I.C. § 50-219 and the second being that Sweitzer failed to produce sufficient evidence to allow the jury to grant relief on his claims. The trial court held that the evidence presented did not translate into wrongful or constructive discharge and consequently, the evidence presented was insufficient to support Sweitzer's Section 1983 claim. We affirm the trial court's denial of Sweitzer's motion to amend.

### V.

*Defendant's Request for Attorney Fees*

 The respondent, City of Post Falls, has requested that we award attorney fees on appeal pursuant to I.A.R. 41. It is well established that attorney fees on appeal will not be awarded where the appeal was not brought frivolously, unreasonably and without foundation. *Keller v. Rogstad*, 112 Idaho 484, 733 P.2d 705 (1987). In the present appeal we have reviewed the record and determined that legitimate issues of fact and law have been presented precluding an award of attorney fees on appeal.

We affirm the decision of the trial court. Costs to respondent City of Post Falls. No attorney fees allowed.

BAKES, C.J., and BISTLINE, JOHNSON and McDEVITT, JJ., concur.