918 P.2d 284

**Luis HIGUERA, Plaintiff–Appellant,**

v.

**Mahlon HIESTAND, M.D., Defendant–Respondent.**

No. 21558.

Supreme Court of Idaho, Boise, April 1996 Term.

June 19, 1996.

E. Lee Schlender, Chtd., Hailey, for appellant. E. Lee Schlender argued.

Quane, Smith, Howard & Hull, Boise, for respondent. Richard L. Stubbs argued.

TROUT, Justice.

This medical malpractice case involves questions relating to the jury selection procedures employed by Fremont County, and the appropriate standard to apply in passing upon a motion for new trial.

## I.

### BACKGROUND AND PROCEDURAL HISTORY

The respondent, Dr. Hiestand, is a physician who practices in Ashton, Idaho. The appellant, Luis Higuera, was seen by Dr. Hiestand for a medical problem which Higuera contends was misdiagnosed. A minor surgical procedure performed by Dr. Hiestand resulted in physical complications for Higuera, who then filed the present medical malpractice case.

Prior to trial, Higuera received a list of potential jurors and apparently noted at that time that there were no people with Hispanic surnames on the list. During voir dire, Higuera's attorney asked questions relating to whether any of the potential jurors were Hispanic, and asked whether anyone was related to an Hispanic. Although he received a positive response to the latter question from two potential jurors, he did not inquire further as to the nature of the relationships. Higuera ultimately passed all of the jurors for cause and accepted them to sit as a panel. The case went to trial and, on May 18, 1993, the jury rendered a verdict in favor of Hiestand.

Higuera timely filed a motion for new trial, alleging that Fremont County's jury selection procedure systematically excluded Hispanic persons in violation of both I.C. § 2–203 [1] and his constitutional rights to a jury trial and to a fair and impartial jury. He also asserted insufficiency of the evidence to support the verdict as a separate basis for a

---

1. I.C. § 2–203 provides: "A citizen shall not be excluded from jury service in this state on account of race, color, religion, sex, national origin, or economic status."

new trial. Higuera appeals from the district court's denial of his motion for new trial.

## II.

## WHETHER, IF I.C. § 2–213 IS INTERPRETED TO EXCLUDE SEPARATE CONSTITUTIONAL CHALLENGES, IT EFFECTS A DENIAL OF DUE PROCESS

█ The district court relied upon I.C. § 2–213 to conclude that when Higuera passed the jury for cause, he waived the exclusive means of challenging Fremont County's jury selection procedures. Section 2–213 provides in relevant part:

(1) Within seven (7) days after the moving party discovered or by the exercise of diligence could have discovered the gounds [grounds] therefor, and in any event before the petit jury is sworn to try the case, a party may move to stay the proceedings ..., or for other appropriate relief, on the ground of substantial failure to comply with this act in selecting the grand or petit jury.

. . . .

(3) The procedures prescribed by this section are the exclusive means by which ... a party in a civil case may challenge a jury on the ground that the jury was not selected in conformity with this act.

In this case, there is no question that Higuera failed to comply with the time limitations imposed by § 2–213 since his challenge to the jury selection procedures was made by way of a motion for new trial. It is Higuera's contention, rather, that if § 2–213 is interpreted to preclude his separate constitutional challenges, the application of that provision has resulted in a denial of due process.

█ The State of Idaho is constitutionally prohibited from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV.[2] Assuming for the purposes of this opinion that the State has deprived Higuera of a "liberty" or "property" interest, we nevertheless conclude

that it has accorded him procedural due process. The fundamental requirements of due process are timely notice and a meaningful opportunity to be heard. *E.g., Matter of Adoption of Chaney,* 126 Idaho 554, 556, 887 P.2d 1061, 1063 (1995) (citing *Sweitzer v. Dean,* 118 Idaho 568, 798 P.2d 27 (1990)). I.C. § 2–213 expressly states that arguments relating to deficiencies in a jury panel must be raised via the procedures specified therein. Higuera is fairly chargeable with notice of the content of that provision. *Brown v. Caldwell School Dist. No. 132,* 127 Idaho 112, 118, 898 P.2d 43, 49 (1995) (citing *Powers v. Canyon County,* 108 Idaho 967, 703 P.2d 1342 (1985)). He also had notice of the possibility of systematic exclusion of Hispanics from the jury since he actually questioned prospective jurors about that possibility.

Moreover, information relating to Fremont County's allegedly defective jury selection process was available to Higuera at the time he was required by the statute to object to that process. We find it telling that he was able to file an extremely detailed brief in support of his motion for new trial only two days after the jury delivered an adverse verdict.

Finally, and most importantly, § 2–213 provides for a stay of proceedings pending the resolution of the issues relating to the jury panel. Thus, the statute provided Higuera with a procedural mechanism by which he could be granted time to obtain information to support his assertions, and the *opportunity* to have his arguments heard. The fact that he failed to avail himself of that opportunity does not render the statutory procedure unconstitutional. *See State v. Ruybal,* 102 Idaho 885, 643 P.2d 835 (Ct.App. 1982) (where criminal defendant waited until appeal of his conviction to make his first objection to the selection of the jury, the objection was not timely under I.C. § 2–213).

We have held that the failure by a *criminal* defendant to exhaust statutory means available to exclude unacceptable jurors constitutes a waiver of right to challenge the jury panel under I.C. § 19–2006. *E.g. State*

---

**2.** Higuera does not contend that art. 1, § 13 of the Idaho Constitution provides any greater pro-    tections than its federal counterpart.

*v. Mitchell,* 104 Idaho 493, 660 P.2d 1336 (1983), *cert. denied,* 461 U.S. 934, 103 S.Ct. 2101, 77 L.Ed.2d 308 (1983). It follows *a fortiori* that a *civil* litigant must also raise his objections to a jury panel in the manner prescribed by statute. Having concluded that I.C. § 2–213 provides civil litigants timely notice and a meaningful opportunity to be heard on issues relating to jury selection, we hold that it did not effect a denial of due process to require Higuera to present his challenge to the jury selection process within the provisions of I.C. § 2–213. Since Higuera failed to comply with that provision, we will not address his arguments relating to the alleged deficiencies in the jury selection process.

### III.

### WHETHER THE TRIAL COURT APPLIED THE APPROPRIATE STANDARD IN REVIEWING THE EVIDENCE ON PLAINTIFF'S MOTION FOR NEW TRIAL

There is no record or transcript of the trial in the record on appeal. Thus, the only issue relating to the district court's ruling on the sufficiency of the evidence is whether that court applied the correct standard. The district court concluded that while it would not have ruled as the jury did, "it does not have a 'definite and firm conviction that a mistake has been committed' or that the verdict is 'contrary to ... the clear weight of the evidence.'" This is precisely the standard we have articulated in the past. (quoting *Quick v. Crane,* 111 Idaho 759, 768, 727 P.2d 1187, 1196 (1986); *Blaine v. Byers,* 91 Idaho 665, 671, 429 P.2d 397, 403 (1967)). Therefore, the district court clearly applied the correct standard, and its denial of the motion for new trial is affirmed.

### IV.

### ATTORNEY FEES

Dr. Hiestand has requested an award of attorney fees on appeal pursuant to I.C. § 12–121. There is not a great deal of case law interpreting the provisions of the Uniform Jury Selection and Service Act (I.C. §§ 2–201 to –221), and Higuera has raised legitimate issues relating to the constitutionality of that statute in this appeal. For this reason, we conclude that the appeal was not pursued without foundation and Dr. Hiestand's request for attorney fees is, accordingly, denied.

### V.

### CONCLUSION

The district court's order denying Higuera's motion for new trial is affirmed. Costs but not attorney fees are awarded to Hiestand on appeal.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.